IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE L. WHYTE,                         )
                          Plaintiff       )        Case 1:21-cv-00124-YK-EB
                                          )
       vs.                                )
                                          )
CENTRE COUNTY CORRECTIONAL                )
FACILITY, CO ROCKEY, CO FOLK,             )
DIRECTOR OF TREATMENT HITE,               )
DEPUTY WARDEN IRWIN,                      )
                          Defendants      )


**DEFENDANTS CO FOLK, CO ROCKEY, DIRECTOR OF
TREATMENT HITE AND DEPUTY WARDEN IRWIN'S
BRIEF IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**


**I.    STATEMENT OF THE CASE**

**PROCEDURAL HERTORY**

Plaintiff Maurice L. Whyte (Whyte) commenced this civil action against

Defendants Centre County Correctional Facility (CCCF)[1] CO Rockey (Rockey),

CO Folk (Folk), Director of Treatment Hite (Hite) and Deputy Warden Irwin

(Irwin)(collectively Corrections Defendants) by filing a Complaint on January 22,

2021.

---

[1] By Order dated February 22, 2021 this Court dismissed the CCCF as a Defendant
in this civil action for the reason that it was not a "person" subject to liability under
§1983.

Corrections Defendants accepted service of the Complaint on January 25, 2021.

Corrections Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 25, 2021, which is before the Court for disposition.

**FACTUAL HERTORY**

The relevant facts, as pled in the Complaint, are as follows:

    a.     Whyte is an inmate at the CCCF, having been housed there from November 7, 2020 to the present. (Document 1, Complaint, Page 2, ¶ 1).

    b.     Whyte is transgender and identifies as female. (Document 1, Complaint, Page 2, ¶ 1).

    c.     The CCCF discriminated against Whyte on the basis of her gender identity by housing her in an alternative housing unit and placing her on "cell alone" status. (Document 1, Complaint, Pages 2 & 3, ¶ 1).

    d.     On November 24, 2020 CO Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Complaint, Page 3, ¶ 2).

    e.     On December 25, 2020 CO Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and

augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

f.      On that same date, CO Rockey, having been advised by Whyte that she was going to report him for harassment, conducted a search of her cell and confiscated a piece of paper listing books under the heading "black gay fiction novels." (Document 1, Complaint, Page 3, ¶ 3).

g.      During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet.  Throughout her stay she received meals containing foreign objects or contents to which she is allergic. (Document 1, Complaint, Page 3, ¶ 4).

h.      During her stay at the CCCF, Whyte's incoming mail was withheld from her.  (Document 1, Complaint, Page 3, ¶ 5).

i.      During her stay at the CCCF, Whyte was not afforded an adequate grievance procedure. (Document 1, Complaint, Page 4, ¶ 5)

## II.    QUESTIONS PRESENTED

A.    Whether the Complaint fails to plead facts sufficient to state an Eighth Amendment claim against CO Folk based upon verbal statements, which Whyte considered to be harassing or abusive?

B.      Whether the Complaint fails to plead facts sufficient to state an Eighth

Amendment claim against CO Rockey based upon verbal statements, which

Whyte considered to be harassing or abusive?

C.      Whether the Complaint fails to plead facts sufficient to state a First

Amendment retaliation claim against CO Rockey based upon a single cell

search and confiscation of a single list of reading material?

D.      Whether the Complaint fails to plead facts sufficient to show CO Folk

and CO Rockey's personal involvement in any of the remaining

constitutional claims?

E.      Whether the Complaint fails to plead facts sufficient to show Deputy

of Treatment Hite or Deputy Warden Irwin's personal involvement in any of

the constitutional claims?

F.      Whether the failure to provide an adequate grievance procedure may

form ther basis for a Firth or Fourteenth Amendment Claim?

## III.    ARGUMENT

### STANDARD OF REVIEW

Rule 12(b) (6) provides for the dismissal of a claim that fails to assert a basis

upon which relief may be granted.  In determining whether to grant a Motion to

Dismiss the Court must determine whether the allegations set forth in the

Complaint constitute a cause of action as required by Fed.R.C.P. 8(a).  *Loftus v.*

*Southeastern Pennsylvania Transportation Authority*, 843 F.Supp. 1981, 1986 (E.D. Pa. 1994).  Although a complaint need not contain detailed factual allegations in order to comply with the mandate of Fed.R.C.P. 8(a), it must contain "… more than labels and conclusions, and a formulaic recitation of the elements of a cause of action …" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

In making ther determination ther Court may consider not only the allegations set forth in the complaint but also exhibits attached to the complaint, matters of public record and undisputedly authentic documents a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) and *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F.Supp.2d 753 (E.D.Pa.,2012).  However, it is clear that ther Court need not accept as true allegations of law, unsupported conclusions, and unwanted inferences. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1993) and *Violanti v. Emery Worldwide A-CF Corp.,* 847 F.Supp. 1251, 1255 (M.D. Pa. 1994).

**DISCUSSION**

Whyte seeks compensatory and punitive damages due to alleged discrimination, sexual harassment, verbal and psychological abuse she received and other violations of her constitutional rights. She asserts claims/causes of action under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) based upon

violations of the rights guaranteed her under the First (Free Speech – Retaliation

& Denial of Mail & Access to Courts – Denial of Adequate Grievance Procedure),

Eighth (Cruel & Unusual Punishment – Sexual Harassment & Denial of Prescribed

Diet) and Fourteenth (Equal Protection – Discrimination in Housing) Amendments

to the United States Constitution.

> ### THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST CO FOLK OR CO ROCKEY BASED UPON VERBAL STATEMENTS, WHICH WHYTE CONSIDERED TO BE HARASSING OR ABUSIVE

Whyte asserts Eighth Amendment claims against CO Folk and CO Rockey

based upon verbal statements made by them, which he considered to be sexually

harassing or abusive.[2] However, our courts have held that mere oral statements,

even statements involving sexual harassment or abuse are insufficient to establish

an Eighth Amendment claim. *Dunbar v. Barone*, 487 Fed.Appx. 721 (3d Cir.

2012) (nonprecedential); *Robinson v. Taylor*, 204 Fed.Appx. 155, 156 (3d Cir.

2006)(nonprecedential); *Hernandez-Tirado v. Lowe*, No. 3:CV-14-1897, 2017 WL

3433690, at *11 (M.D. Pa. Aug. 10, 2017)  As the Complaint fails to plead facts

---

[2]      On November 24, 2020 CO Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Complaint, Page 3, ¶ 2).
      On December 25, 2020 CO Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

sufficient to establish Eighth Amendment claims against CO Folk and CO Rockey

upon which relief may be granted, these claims should be dismissed as to them.

### THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST CO ROCKEY BASED UPON A SINGLE CELL SEARCH AND CONFISCATION OF A SINGLE LIST OF READING MATERIAL

Whyte asserts a First Amendment claim against CO Rockey based upon her

alleged search of her cell and confiscation of a single list of reading material

following her statement that she was going to report him for sexual harassment.

CO Rockey submits that this is insufficient to establish a First or Fourteenth

Amendment retaliation claim. In the prison context, the elements of a First

Amendment retaliation claim are that: (1) the prisoner engaged in constitutionally

protected conduct, (2) prison officials took an adverse action against the prisoner

that is sufficient to deter a person of ordinary firmness from exercising her

constitutional rights, and (3) there is a causal link between the exercise of the

prisoner's constitutional rights and adverse action taken against him. *Mitchell v.*

*Horn*, 318 F.3d 523, 530 (3d Cir. 2003) Even assuming the Complaint pleads facts

sufficient to establish the first element, it fails to plead facts sufficient to establish

the second element, i.e. an adverse action was taken against her sufficient to deter a

person of ordinary firmness from exercising her constitutional rights.

An adverse action need not be great in order to satisfy ther element, but it must be more than *de minimus*. *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) "In general, 'courts have consistently held that a cell search is not an 'adverse action' for retaliation purposes.' " *Curtician v. Kessler*, 2010 WL 6557099, *7 (W.D. Pa. 2010) (collecting cases); *see also Banks v. Rozum*, 2015 WL 1186224, *7 (M.D. Pa. 2015); *Dickerson v. Gordon*, 2015 WL 5785575, *6 (M.D. Pa. 2015).[3] CO Rockey submits that a single cell search and confiscation of a list of reading materials was "*de minimus*" and does not constitute an adverse action "sufficient to deter a person of ordinary firmness from exercising her constitutional rights." Admittedly, this is an objective rather than a subjective test, however, it was not sufficient to deter Whyte from filing a complaint of sexual harassment against CO Rockey that same day. (Document 1, Complaint, Page 3, ¶ 3.

As the Complaint fails to plead facts sufficient to establish a First Amendment retaliation claim against CO Rockey upon which relief may be granted, this claim should be dismissed.

---

[3] There is disagreement on this principle among our courts. See, e.g. *Stafford v. Wetzel*, No. 4:CV-13-2026, 2015 WL 474273, at *6 (M.D. Pa. Feb. 5, 2015)

**THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO SHOW THE PERSONAL INVOLVEMENT OF CO FOLK AND CO ROCKEY IN WHYTE'S REMAINING CONSTITUTIONAL CLAIMS**

In addition to her First Amendment (Free Speech - Retaliation) claim asserted against CO Rockey and her Eighth Amendment (Cruel & Unusual Punishment – Sexual Harassment) claims asserted against both CO Folk and CO Rockey, Whyte asserts various other claims, to include First Amendment (Free Speech – Retaliation & Denial of Mail), Fifth (Denial of Adequate Grievance Procedure), Eighth Amendment (Cruel & Unusual Punishment – Sexual Harassment & Denial of Prescribed Diet) and Fourteenth Amendment (Equal Protection – Discrimination in Housing). However, she does not specify against whom these claims/causes of action are asserted.  Assuming for the purpose of ther discussion that these additional claims/causes of action are asserted against CO Folk and CO Rockey, the Complaint fails to plead facts sufficient to state claims against them upon which relief may be granted.

A defendant in a civil rights action must have personal involvement in the alleged wrongs which must be shown through allegations of personal direction or of actual knowledge and acquiescence; liability cannot be imposed on him or her based upon the doctrine of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988); *Parratt v. Taylor,* 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913 n. 3, 68 L.Ed.2d 420 (1981); *Hampton v. Holmesburg Prison*

*Officials,* 546 F.2d 1077, 1082 (3d Cir.1976). *Rode v. Dellarciprete,* 845 F.2d 1195, 1207–08 (3d Cir. 1988). A defendant's personal involvement must be shown through allegations of personal direction or of actual knowledge and acquiescence and such allegations must be made with appropriate particularity. *Rode v. Dellarciprete; Parratt v. Taylor; Hampton v. Holmesburg Prison Officials.* As the Complaint fails to plead any facts showing that CO Folk or CO Rockey personally directed or had any actual knowledge of and acquiesced in the conduct forming the basis for these additional claims, such claims should be dismissed as to them.

### THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO SHOW THE PERSONAL INVOLVEMENT OF DIRECTOR OF TREATMENT HITE AND DEPUTY WARDEN IRWIN IN WHYTE'S CONSTITUTIONAL CLAIMS

As mentioned above, Whyte does not specify against whom her various constitutional claims / causes of action are asserted. Assuming for the purpose of ther discussion that all of these claims/causes of action are asserted against Director of Treatment Hite and Deputy Warden Irwin, the Complaint fails to plead facts sufficient to state claims against them upon which relief may be granted. Presumably, these claims are asserted against them because they hold administrative or supervisory positions at the CCCF. As discussed above, a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be imposed on him or her based upon the doctrine of

*respondeat superior. Rode v. Dellarciprete.*  This principle applies to administrative or supervisory personnel as well. An administrator or supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in her subordinates' violations. *See Baker v. Monroe Township,* 50 F.3d 1186, 1190–91 (3d Cir.1995) A defendant's  personal involvement must be shown through allegations of personal direction or of actual knowledge and acquiescence and such allegations must be made with appropriate particularity. *Rode v. Dellarciprete; Parratt v. Taylor*; *Hampton v. Holmesburg Prison Officials.*

In the present case, the Complaint does not plead any facts showing Director of Treatment Hite and Deputy Warden Irwin involvement in the conduct forming the basis for Whyte's claims.  Other than naming them as Defendants, it does not refer to them at all. As the Complaint fails to plead any facts showing that Director of Treatment Hite and Deputy Warden Irwin personally directed or had any actual knowledge of and acquiesced in the conduct forming the basis for these additional claims, such claims should be dismissed as to them.

**THE COMPLAINT FAILS TO STATE A FIFTH OR FOURTEENTH AMENDMENT CLAIM AGAINST ANY DEFENDANT BASED UPON THEIR FAILURE TO PROVIDE AN ADEQUATE GRIEVANCE PROCEDURE**

Whyte appears to assert a Fifth or Fourteenth Amendment claim based upon the CCCF's failure to provide an adequate grievance procedure or its administration and staff's failure to properly investigate and respond to her grievances. Our courts have held that since prisoners do not have constitutional right to a grievance procedure, the failure of prison officials to create a grievance procedure or to properly investigate or respond to prisoner's grievances does not constitute a Fifth or Fourteenth Amendment violation. *Wilson v. Horn*, 971 F.Supp. 943 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998). *Mayo v. Cowden*, No. 640 C.D. 2018, 2019 WL 1504390, at *5 (Pa. Commw. Ct. Apr. 5, 2019)

Since the failure to provide an adequate grievance procedure does not, as a matter of law, furnish a basis for a Fifth or Fourteenth Amendment, ther claim should be dismissed as to all Defendants.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's CO Rockey, CO Folk, Director of Treatment Hite and Deputy Warden Irwin respectfully request that Plaintiff Whyte's Complaint be dismissed as them.

LEE, GREEN & REITER, INC.

By: _____

Robert A. Mix, Esquire, PA.I.D. 16164
Attorney for CO Rockey, CO Folk,
Director of Treatment Hite and Deputy
Warden Irwin
115 East High Street
Bellefonte, PA  16823
Phone:  814-255-4769
Fax:  814-355-5024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Entry of

Appearance was deposited in the United States mail, postage prepaid, in

Bellefonte, Pennsylvania, on the _2ln_ day of February, 2021, addressed to the

following:

Maurice Lavell Whyte
#20-0508
Centre County Correctional Facility
P.O. Box 247
Phoenix, MD 21131

                                        /s/ Robert A. Mix
                                        Robert A. Mix, Esquire