IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE L. WHYTE,<br>    Plaintiff | )<br>)  Case 1:21-cv-00124-YK-EB<br>) |
| vs. | )<br>) |
| CENTRE COUNTY CORRECTIONAL FACILITY, CO ROCKEY, CO FOLK, DIRECTOR OF TREATMENT HITE, DEPUTY WARDEN IRWIN,<br>    Defendants | )<br>)<br>)<br>)<br>) |

**DEFENDANTS CO FOLK, CO ROCKEY, DIRECTOR OF TREATMENT HITE AND DEPUTY WARDEN IRWIN'S BRIEF IN OPPOSITION TO DEFENDANT'S (SIC) PETITION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.   STATEMENT OF THE CASE**

**PROCEDURAL HISTORY**

Plaintiff Maurice L. Whyte (Whyte) commenced this civil action against Defendants Centre County Correctional Facility (CCCF)[1] CO Rockey (Rockey), CO Folk (Folk), Director of Treatment Hite (Hite) and Deputy Warden Irwin (Irwin) by filing a Complaint on January 22, 2021.

Defendants accepted service of the Complaint on January 25, 2021.

---

[1] By Order dated February 22, 2021 this Court dismissed the CCCF as a Defendant in this civil action for the reason that it was not a "person" subject to liability under §1983.

1

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 25, 2021, which is before the Court for disposition.

Defendants initially served the Motion to Dismiss and a Brief in support thereof on Plaintiff by United States mail at the CCCF's address in Phoenix, Maryland (TextBehind, a third-party mail handling service for correctional facilities) on February 25, 2021 and February 26, 2021, respectively. That mail was returned marked "undelivered". Defendants reserved said Motion to Dismiss and Brief on Plaintiff by United States mail at the CCCF's Bellefonte, Pennsylvania address on March 30, 2021.

Plaintiff filed a Petition for Leave to file Amended Complaint and a Proposed Amended Complaint on April 7, 2021, which is also before the Court for disposition.

**FACTUAL HISTORY**

The relevant facts, as pled in the initial Complaint, are as follows:

a. Whyte is an inmate at the CCCF, having been housed there from November 7, 2020 to the present. (Document 1, Complaint, Page 2, ¶ 1).

b. Whyte is transgender and identifies as female. (Document 1, Complaint, Page 2, ¶ 1).

c.  The CCCF has discriminated against Whyte on the basis of her gender identity by housing her in an alternative housing unit and placing her on "cell alone" status. (Document 1, Complaint, Pages 2 & 3, ¶ 1).

d.  On November 24, 2020 CO Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Complaint, Page 3, ¶ 2).

e.  On December 25, 2020 CO Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at? Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

f.  On that same date, CO Rockey, having been advised by Whyte that she was going to report him for harassment, conducted a search of her cell and confiscated a piece of paper listing books under the heading "black gay fiction novels." (Document 1, Complaint, Page 3, ¶ 3).

g.  During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet. Throughout her stay she has received meals containing foreign objects or contents that he is allergic to. (Document 1, Complaint, Page 3, ¶ 4).

h.  During her stay at the CCCF, Whyte's incoming mail has been withheld from her. (Document 1, Complaint, Page 3, ¶ 5).

      i.      During her stay at the CCCF, she has not been afforded an adequate grievance procedure. (Document 1, Complaint, Page 4, ¶ 5).

5.      Although Whyte does not specifically state the claims / causes of action she is asserting, she seeks compensatory and punitive damages due to the sexual harassment, discrimination, verbal and psychological abuse she received and the violations of her constitutional rights. (Document 1, Complaint, Page 4, ¶ V).

6.      Presumably, Whyte asserts claims/causes of action under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) based upon violations of the rights guaranteed him under the First (Free Speech – Denial of Mail; Access to Courts - Retaliation), Fifth (Due Process – Denial of Adequate Grievance Procedure), Eighth (Cruel & Unusual Punishment – Sexual Harassment & Denial of Prescribed Diet) and Fourteenth (Equal Protection – Discrimination in Housing) Amendments to the United States Constitution. The additional relevant facts, as pled in the proposed Amended Complaint, are as follows:

7.      On January 24, 2021 CO Rockey was part of the security staff assigned to Whyte's housing unit. (Document 18-1, Proposed Amended Complaint, Page 8, ¶ 1).

8. During mealtime, a dispute arose between Whyte and another inmate, which resulted in the other inmate throwing his food tray at Whyte several times, although no actual contact was made. (Document 18-1, Proposed Amended Complaint, Page 8, ¶ 1).

9. As this was happening, CO Rockey did not physically intervene to protect Whyte. (Document 18-1, Proposed Amended Complaint, Page 8, ¶ 1).

10. When Whyte exercised her right of self-defense, CO Rockey intervened to separate them. (Document 18-1, Proposed Amended Complaint, Page 8, ¶ 1).

11. Following this incident, Corrections Officer Murphy (Murphy) escorted Whyte back to his cell and ordered her to submit to a strip search. (Document 18-1, Proposed Amended Complaint, Page 9, ¶ 3).

12. Whyte's strip search was witnessed by CO Murphy, CO Rockey, and Lieutenant Millender (Millender) as well as other inmates. (Document 18-1, Proposed Amended Complaint, Page 9, ¶ 2).

13. Deputy Warden Irwin and Lieutenant Woods (Woods) exposed Whyte to potential retaliation by placing CO Rockey on the security staff assigned to Whyte's housing unit. (Document 18-1, Proposed Amended Complaint, Page 9, ¶ 2).

14. Deputy Warden Irwin, Director of Treatment Hite and Lieutenant Woods (Woods) have discriminated against Whyte on the basis of her gender identity by housing her in an alternative housing unit and placing her on "cell alone" status. (Document 1, Complaint, Pages 2 & 3, ¶ 1).

15. Whyte asserts claims/causes of action under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) based upon violations of the rights guaranteed him under the First (Free Speech – Denial of Mail; Access to Courts - Retaliation), Fifth (Due Process – Denial of Adequate Grievance Procedure), Eighth (Cruel & Unusual Punishment – Sexual Harassment – Denial of Prescribed Diet – Failure to Protect) and Fourteenth (Equal Protection – Discrimination in Housing) Amendments to the United States Constitution.

## II.  QUESTION PRESENTED

Whether Plaintiff's Petition to File Amended Complaint should be denied as the proposed amendments would be futile as they fail to plead claims upon which relief may be granted?

## III.  ARGUMENT

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governing amended and supplemental pleadings provides as follows:

**Rule 15. Amended and Supplemental Pleadings**

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Whether to permit a party to amend his complaint is a matter within the discretion of the Court. However, "leave to amend 'shall be freely given when justice so requires'. … In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)

## DISCUSSION

In the present case, Whyte seeks leave of Court to amend his Complaint pursuant to Fed. R. Civ. P. 15 (2), rather than filing an Amended Complaint pursuant to Fed. R. Civ. P. 15 (1) (B) i.e., within 21 days after service of a motion to dismiss under Rule 12(b). Defendants concede that although the docket sheet indicates that the Motion to Dismiss was served on Plaintiff on February 25, 2021, that information is incorrect. As noted in the procedural history of this case set forth above, Defendants initially served the Motion to Dismiss and a Brief in support thereof on Plaintiff by United States mail at the CCCF's address in Phoenix, Maryland (TextBehind, a third-party mail handling service for correctional facilities) on February 25, 2021 and February 26, 2021, respectively. That mail was returned marked "undelivered". Defendants reserved said Motion to Dismiss and Brief on Plaintiff by United States mail at the CCCF's Bellefonte, Pennsylvania address on March 30, 2021.

In the event the Court determines that Plaintiff is not entitled to file an Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15 (1) (B), Defendants submit that leave to file an Amended Complaint should be denied since the amendment would be futile. *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.2008); *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486–87 (3d Cir.1990).

"Factors that weigh against amendment include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000). A district court may therefore 'properly deny leave to amend where the amendment would not withstand a motion to dismiss' *Centifanti v. Nix,* 865 F.2d 1422, 1431 (3d Cir.1989)."

*Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014)

In the present case, the proposed Amended Complaint repeats the claims made against CO Rockey, CO Folk, Director of Treatment Hite and Deputy Warden Irwin as asserted in the original Complaint. These claims cannot withstand a motion to dismiss for the reasons asserted in Defendants Brief in Support of Motion to Dismiss filed in this civil action, which is incorporated herein by reference.

The proposed Amended Complaint likewise fails to state new claims upon which relief may be granted. First, Plaintiff asserts an Eighth Amendment failure to protect claim against CO Rockey on the basis that he failed to act soon enough to intervene in a dispute between her and another inmate in which the other inmate threw his lunch tray at her several times but missed. Once Plaintiff began to retaliate, CO Rockey stepped in to break up the dispute and escort the other inmate to his cell. To establish a failure to protect claim, an inmate must demonstrate that

9

(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

In the present case, it cannot be said that Plaintiff was exposed to a "substantial risk of serious harm". A thrown lunch tray, which missed Plaintiff on every occasion, does not pose such a risk. Furthermore, CO Rockey was not deliberately indifferent but acted reasonably by diffusing the situation and escorting the other inmate back to his cell. Prison officials who act reasonably cannot be found liable for failure to protect. *Farmer v. Brennan* Finally, Plaintiff received no injury as a result of the dispute. Since the proposed Amended Complaint fails to plead the essential elements of a failure to protect claim, it fails to state a new claim against CO Rockey upon which relief may be granted.

Second, Plaintiff asserts a First and / or Fourth Amendment invasion of privacy / unlawful search claim against CO Rockey, CO Murphy and Lieutenant Millender on the basis that they subjected her, a transgender person who identifies as female, to a strip search following the above described dispute with another inmate. Plaintiff contends that she should have been permitted to choose the gender of the corrections officers who subjected her to a strip search.

CO Rockey, CO Murphy and Lieutenant Millender contend that they are entitled to qualified immunity on this claim as they did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Our courts have not clearly established that a transgender inmate has a constitutional right to have a strip search performed by an officer of the gender with which the inmate identifies. *Naisha v. Metzger*, 490 F. Supp. 3d 796, 804–05 (D. Del. 2020), appeal filed October 9, 2020; *Carter-el v. Boyer*, No. 1:19CV243 (TSE/MSN), 2020 WL 939289, at *1 (E.D. Va. Feb. 25, 2020) Thus, CO Rockey, CO Murphy and Lieutenant Millender are entitled to qualified immunity on this claim. Since the proposed Amended Complaint fails to plead facts to show that qualified immunity is inapplicable, it fails to state new claims against CO Rockey, CO Murphy and Lieutenant Millender upon which relief may be granted.

As the proposed Amended Complaint would not plead facts establishing claims upon which relief may be granted, the amendment would be futile and leave to file the Amended Complaint should be denied.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Petition for Leave to File Amended Complaint be denied.

                    LEE, GREEN & REITER, INC.

By: _____
Robert A. Mix, Esquire, PA.I.D. 16164
Attorney for Corrections Defendants
115 East High Street
Bellefonte, PA  16823
Phone:  814-255-4769
Fax:  814-355-5024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants CO Folk, CO Rockey, Director of Treatment Hite and Deputy Warden Irwin's Brief in Opposition to Defendant's (SIC) Petition for Leave to File Amended Complaint was deposited in the United States mail, postage prepaid, in Bellefonte, Pennsylvania, on the 21st day of April, 2021, addressed to the following:

Maurice Lavell Whyte
#20-0508
Centre County Correctional Facility
700 Rishel Hill Road
Bellefonte, PA  16823

                                            /s/ Robert A. Mix
                                            Robert A. Mix, Esquire