IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE L. WHYTE, | : | |
|     Plaintiff | : | |
| | : | No. 1:21-cv-00124 |
| v. | : | |
| | : | (Judge Kane) |
| CENTRE COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On January 22, 2021, pro se Plaintiff Maurice L. Whyte ("Plaintiff"), who at the time was incarcerated at the Centre County Correctional Facility ("CCCF") in Bellefonte, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants CCCF, C.O. Rockey ("Rockey"), C.O. Folk ("Folk"), Jeffery Hite ("Hite"), and Glenn Irwin ("Irwin"). (Doc. No. 1.) In an Order dated February 22, 2021, the Court granted Plaintiff leave to proceed in forma pauperis, dismissed CCCF as a Defendant, and directed service of her[1] complaint upon the remaining Defendants. (Doc. No. 7.) Defendants filed a motion to dismiss (Doc. No. 11) on February 25, 2021. Rather than filing an opposition brief, Plaintiff filed a motion to compel (Doc. No. 15), motion for leave to file an amended complaint (Doc. No. 18) and her proposed amended complaint (Doc. No. 18-1), in which she indicated that she sought to add C.O Murphy ("Murphy"), Lieutenant Woods ("Woods"), and Lieutenant Millinder ("Millinder") as Defendants. In an Order dated April 27, 2021, the Court dismissed Plaintiff's motion to compel as premature. (Doc. No. 21.) In an Order dated April 28, 2021, the

---

[1] In accordance with Plaintiff's wish to be referred to using female pronouns, the Court will do so in this Order.

Court granted Plaintiff's motion for leave to file an amended complaint and directed service of the amended complaint upon Defendants Murphy, Woods, and Millinder. (Doc. No. 22.) The Court also directed Defendants Rockey, Folk, Hite, and Irwin to answer or otherwise respond to the amended complaint within fourteen (14) days. (Id.) Defendants Murphy, Woods, and Millinder filed a waiver of service on May 5, 2021. (Doc. No. 26.) On May 6, 2021, the Court's April 27, 2021 Order (Doc. No. 21) was returned to the Court as undeliverable, with a notation that Plaintiff was no longer at CCCF (Doc. No. 27). A review of the docket reveals that, to date, Plaintiff has not updated her address with the Court.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to prosecute this action by failing to keep the Court apprised of her current address. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

As to the first factor, the Court recognizes that it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Sanders v. Beard, No. 09-cv-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (noting that pro se parties "are not excused from complying with court orders and the local rules of court"); John v. Hogan, No. 1:06-cv-2197, 2008 WL 520093, at *3 (M.D. Pa. Feb. 26, 2008) (noting that pro se plaintiffs have an obligation to keep the Court apprised of their current addresses). On January 22, 2021, the Clerk of Court issued its standard pro se letter to Plaintiff, advising her, inter alia, of her obligation to provide a current address. (Doc. No. 4.) This Court has previously noted that failure to provide a current address, in violation of Local Rule 83.18, permits the Court to conclude that Plaintiff has abandoned the litigation and that dismissal of the action for failure to abide by Court orders and rules is fully justified. See, e.g., Hobson v. Harris, No. 1:17-cv-205, 2018 WL 3448500, at *3 (M.D. Pa. June 7, 2018), report and recommendation adopted, 2018 WL 3439195 (M.D. Pa. July 17, 2018); Juaquee v. Pike Cty. Corr. Facility Emps., No. 3:12-cv-1233, 2013 WL 432611, at *1 (M.D. Pa. Feb. 1, 2013). This factor, therefore, weighs in favor of dismissal.

Second, the Court must consider whether Plaintiff's failure to update her address and communicate with the Court has prejudiced Defendants. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008). However, "prejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. In the instant case, Plaintiff's failure to update her address wholly frustrates and delays the resolution of this action. Plaintiff's amended

complaint remains pending before this Court. However, without Plaintiff's current address, Defendants and the Court will be unable to communicate with Plaintiff regarding the above-captioned case. Defendants are plainly prejudiced by Plaintiff's failure to communicate her current address. In such cases, dismissal of the case rests in the discretion of the Court. See Tillio v. Mendelsohn, 256 F. App'x 509, 509 (3d Cir. 2007). This factor, therefore, also weighs in favor of dismissal.

Examining the third factor, a history of dilatoriness, the Court observes that while Plaintiff has failed to inform the Court of her current address, her most recent communication with the Court was on April 29, 2021, when the Court received her reply brief (Doc. No. 25) addressing Defendants' oppositional brief (Doc. No. 20) to her motion for leave to file an amended complaint. Plaintiff's failure to update her address, however, indicates an intent on the part of Plaintiff not to continue with the litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). This factor weights neither in favor of nor against dismissal, as Plaintiff has not demonstrated a history of dilatoriness during the pendency of this litigation.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by Court Orders and rules "demonstrate[s] a willful disregard for procedural rules and court directives." See Gilyard v. Dauphin Cty. Work Release, No. 1:10-cv-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Additionally, an examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that there is no reasonable basis to conclude that Plaintiff has the means to afford a monetary sanction because she is proceeding pro se and was granted leave to proceed in

forma pauperis.  See Stitely v. Trotta, No. 1:16-CV-733, 2017 WL 2664149, at *3 (M.D. Pa. Jan. 31, 2017), report and recommendation adopted, 2017 WL 2653211 (M.D. Pa. June 20, 2017).  Moreover, when confronted by a pro se litigant who will not comply with Court rules, lesser sanctions may not be an effective alternative.  See, e.g., Briscoe, 538 F.3d at 262-63.

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery.  See Poulis, 747 F.2d at 870.  As noted above, Plaintiff's amended complaint remains pending before the Court, and Defendants have not yet filed an answer or other response thereto.  Even assuming that Plaintiff's claims are meritorious, however, this matter cannot proceed at its current posture when Plaintiff has failed to keep the Court apprised of her current address.  Moreover, it is well-settled that "no single Poulis factor is dispositive . . . [and it is] clear that not all of the Poulis factors need be satisfied in order to dismiss a complaint."  See Briscoe, 538 F.3d at 263 (internal quotation marks and citations omitted).  Thus, upon balancing all of the Poulis factors, the Court finds that the relevant factors weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

**AND SO**, on this 6th day of May 2021, upon consideration of the foregoing, **IT IS ORDERED THAT** the above-captioned action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania