IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE L. WHYTE, | : | |
|     Plaintiff | : | |
| | : | No. 1:21-cv-00124 |
| v. | : | |
| | : | (Judge Kane) |
| CENTRE COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On January 22, 2021, pro se Plaintiff Maurice L. Whyte ("Plaintiff"), who at the time was incarcerated at the Centre County Correctional Facility ("CCCF") in Bellefonte, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants CCCF, C.O. Rockey ("Rockey"), C.O. Folk ("Folk"), Jeffery Hite ("Hite"), and Glenn Irwin ("Irwin"). (Doc. No. 1.) In an Order dated February 22, 2021, the Court granted Plaintiff leave to proceed in forma pauperis, dismissed CCCF as a Defendant, and directed service of her[1] complaint upon the remaining Defendants. (Doc. No. 7.) Defendants filed a motion to dismiss (Doc. No. 11) on February 25, 2021. Rather than filing an opposition brief, Plaintiff filed a motion to compel (Doc. No. 15), motion for leave to file an amended complaint (Doc. No. 18) and her proposed amended complaint (Doc. No. 18-1), in which she indicated that she sought to add C.O Murphy ("Murphy"), Lieutenant Woods ("Woods"), and Lieutenant Millinder ("Millinder") as Defendants. In an Order dated April 27, 2021, the Court dismissed Plaintiff's motion to compel as premature. (Doc. No. 21.) In an Order dated April 28, 2021, the

---

[1] In accordance with Plaintiff's wish to be referred to using female pronouns, the Court will do so in this Order.

Court granted Plaintiff's motion for leave to file an amended complaint and directed service of the amended complaint upon Defendants Murphy, Woods, and Millinder. (Doc. No. 22.) The Court also directed Defendants Rockey, Folk, Hite, and Irwin to answer or otherwise respond to the amended complaint within fourteen (14) days. (Id.) Defendants Murphy, Woods, and Millinder filed a waiver of service on May 5, 2021. (Doc. No. 26.) On May 6, 2021, the Court's April 27, 2021 Order (Doc. No. 21) was returned to the Court as undeliverable, with a notation that Plaintiff was no longer at CCCF (Doc. No. 27). In an Order dated May 7, 2021, the Court dismissed the above-captioned action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff had not updated her address. (Doc. No. 28.)

On May 17, 2021, Plaintiff filed a notice of change of address, indicating that she is now incarcerated at the Columbia County Prison in Bloomsburg, Pennsylvania. (Doc. No. 31.) Plaintiff also filed a motion to appoint counsel. (Doc. No. 30.) In light of Plaintiff's pro se status, and given that she has now provided her current address to the Court, the Court will reopen this matter, vacate its May 7, 2021 Order (Doc. No. 28), and direct Defendants to file an answer or other response to Plaintiff's amended complaint (Doc. No. 23).

In her motion to appoint counsel, Plaintiff represents that she cannot afford to obtain counsel because she is proceeding in forma pauperis. (Doc. No. 31 at 1.) Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include: the plaintiff's ability to present her case; the complexity

of the legal and discovery issues in the case; the amount of factual investigation that will be required; the necessity of expert witnesses; and whether "witness credibility is a key issue." See id. Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." See Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" See Nuñez v. Wetz, No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (quoting Montgomery, 294 F.3d at 501).

  The Court concludes that the Tabron factors do not warrant appointing counsel at this time. Plaintiff has the apparent ability to read, write, and understand English, as well as the ability to litigate this action pro se, as demonstrated by her filing of a complaint, amended complaint, and other documents in this matter. Accordingly, there is no indication that Plaintiff "presently suffers from any impediment unusual to other pro se litigants that appear before this Court." See Segura v. Wetzel, No. 17-0931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017). Additionally, this Court's duty to construe pro se pleadings liberally, see Riley v. Jeffes, 77 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militates against the appointment of counsel at this time. The Court notes further that "it does not have a large group of attorneys who would represent this action in a pro bono capacity." See Wilson v. Horowitz, No. 3:18-cv-2237, 2019 WL 6716122, at *1 (M.D. Pa. Dec. 9, 2019). In the event that future proceedings demonstrate the need for counsel, however, the Court may reconsider this matter either sua sponte or upon a motion properly filed by Plaintiff.

**AND SO**, on this 17th day of May 2021, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. The Clerk of Court is directed to **REOPEN** the above-captioned action;

2. The Court's May 7, 2021 Order (Doc. No. 28) dismissing this action for failure to prosecute is **VACATED**;

3. Defendants are directed to file an answer or other response to Plaintiff's amended complaint (Doc. No. 23) within fourteen (14) days of the date of this Order; and

4. Plaintiff's motion to appoint counsel (Doc. No. 30) is **DENIED WITHOUT PREJUDICE**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
