IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE L. WHYTE,  )
               Plaintiff  )  Case 1:21-cv-00124-YK-EB
                     )
    vs.  )
                     )
CENTRE COUNTY CORRECTIONAL  )
FACILITY, et al,  )
             Defendants  )

**DEFENDANTS' BRIEF IN SUPPPORT OF MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(6)**

## I.    STATEMENT OF THE CASE

**PROCEDURAL HISTORY**

Plaintiff Maurice L. Whyte (Whyte) commenced this civil action against

Defendants Centre County Correctional Facility (CCCF)[1] CO Rockey (Rockey),

CO Folk (Folk), Director of Treatment Hite (Hite) and Deputy Warden Irwin

(Irwin) by filing a Complaint on January 22, 2021.

Rockey, Folk, Hite and Irwin waived service of the Complaint on January

25, 2021.

---

[1] By Order dated February 22, 2021 this Court dismissed the CCCF as a Defendant
in this civil action for the reason that it was not a "person" subject to liability under
§1983.

Rockey, Folk, Hite and Irwin filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 25, 2021.

Whyte filed a Petition for Leave to File Amended Complaint on April 7, 2021.

This Court entered an Order granting Whyte leave to file an Amended Complaint, docketing the proposed Amended Complaint attached to the Petition as the Amended Complaint and dismissing the Motion to Dismiss as moot on April 28, 2021.

Defendants Lieutenant Woods (Woods), Lieutenant Millinder (Millinder) and CO Murphy (Murphy), who were added by the Amended Complaint, waived service of the Amended Complaint on May 4, 2021.

All Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on May 21, 2021.

**FACTUAL HISTORY**

The relevant facts, as pled in the Amended Complaint, are as follows:

a.      Whyte is an inmate at the CCCF, having been housed there from November 7, 2020 to April 28, 2021. (Document 18-1, Amended Complaint, Page 2, ¶ 2).[2]

---

[2] After filing the Amended Complaint, Whyte was transferred to the Columbia County Jail (Document 31)

b.     Woods, Millinder and Hite are employees of the CCCF who act in a
supervisory capacity and are responsible for enforcing policies put in place
by federal and state regulation and training the CCCF's security staff.
(Document 18-1, Amended Complaint, Page 2, ¶ 3)

c.     Rockey and Folk are corrections officers at the CCCF. (Document 18-
1, Amended Complaint, Page 2, ¶ 4)

d.     Upon arrival at the CCCF Whyte completed a classification
questionnaire in which he indicated he was a transgender female and
identified as such. (Document 18-1, Amended Complaint, Page 2, ¶ 5)

e.     Whyte was assigned to an alternative housing unit and placing on "cell
alone" status. (Document 18-1, Amended Complaint, Page 2, ¶ 5)

f.     Placement in the alternative housing unit restricted Whyte's ability to
participate in inmate work assignments or other programs available to
inmates housed in general population. (Document 18-1, Amended
Complaint, Page 2, ¶ 5)

g.     Inmates charged with or convicted of crimes of a sexual nature and
inmates with mental disorders are also housed in the alternative housing
unit. (Document 18-1, Amended Complaint, Page 5, ¶ 13)

h.   On November 24, 2020 Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 18-1, Amended Complaint, Page 5, ¶ 14)

i.   On December 25, 2020 Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Amended Complaint, Page 6, ¶ 15).

j.   On that same date, Rockey, having been advised by Whyte that she was going to report him for harassment, conducted a search of her cell and confiscated a piece of paper listing books under the heading "black gay fiction novels." (Document 18-1, Amended Complaint, Page 6, ¶ 16)

k.   On January 24, 2021 Rockey was part of the security staff assigned to Whyte's housing unit. (Document 18-1, Amended Complaint, Page 8, ¶ 1).

l.   During mealtime, a dispute arose between Whyte and another inmate, which resulted in the other inmate throwing his food tray at Whyte several times, although no actual contact was made. (Document 18-1, Amended Complaint, Page 8, ¶ 1).

m.   As this was happening, Rockey did not physically intervene to protect Whyte.  (Document 18-1, Amended Complaint, Page 8, ¶ 16).

n.    When Whyte exercised her right of self-defense, Rockey intervened to separate them. (Document 18-1, Amended Complaint, Page 8, ¶ 16).

o.    Following this incident, Murphy escorted Whyte back to his cell and ordered her to submit to a strip search. (Document 18-1, Amended Complaint, Page 9, ¶ 17).

p.    Whyte's strip search was witnessed by Murphy, Rockey, and Millender as well as other inmates. (Document 18-1, Amended Complaint, Page 9, ¶ 17).

q.    Irwin and Woods exposed Whyte to potential retaliation by placing Rockey on the security staff assigned to Whyte's housing unit. (Document 18-1, Amended Complaint, Page 9, ¶ 17).

r.    During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet.  Throughout her stay she received meals containing foreign objects or ingredients he is allergic to. (Document 18-1, Amended Complaint, Page 10, ¶ 18).

s.    During her stay at the CCCF, Whyte's incoming mail was withheld from her.  (Document 18-1, Amended Complaint, Page 11, ¶ 16).

t.    On various occasions, Woods, Hite and / or Irwin did not afford Whyte an adequate grievance procedure. (Document 18-1, Amended Complaint,

Page 3, ¶ 8; Page 6, ¶ 14; Page 8, ¶ 15; Page 9, ¶ 16; Page 10, ¶ 17; Page 10, ¶ 18.

u.     Whyte is no longer housed at the CCCF and was transferred to the Columbia County Jail.  (Document 31).

## II.     QUESTIONS PRESENTED

A.     Whether Whyte's claims for injunctive relief are now moot?

B.     Whether the Amended Complaint fails to state a Fourteenth Amendment equal protection claim against Irwin, Hite and Woods based upon Whyte's assignment to an alternative housing unit?

C.     Whether the Amended Complaint fails to state a Fourteenth Amendment equal protection claim against Rockey based upon his failure to protect Whyte from assault by another inmate?

D.     Whether the Amended Complaint fails to state an Eighth Amendment conditions of confinement claim against Woods based upon his failure to assure that Whyte received his medically prescribed diet?

E.     Whether the Amended Complaint fails to state a First Amendment retaliation claim against Irwin, Hite and Woods based upon Whyte's assignment to an alternative housing unit?

F.     Whether the Amended Complaint fails to state a First Amendment retaliation claim against Rockey based upon a single cell search and confiscation of a single list of reading material?

G.     Whether the Amended Complaint fails to state an Eighth Amendment failure to protect claim against Irwin, Hite and Woods based upon Whyte's assignment to an alternative housing unit?

H.    Whether the Amended Complaint fails to state an Eighth Amendment cruel and unusual punishment claim against Folk based upon verbal statements, which Whyte considered to be harassing or abusive?

I.    Whether the Amended Complaint fails to state an Eighth Amendment cruel and unusual punishment claim against Rockey based upon verbal statements, which Whyte considered to be harassing or abusive?

J.    Whether the Amended Complaint fails to state an Eighth Amendment failure to protect claim against Rockey based upon his failure to protect Whyte from assault by another inmate?

K.    Whether the Amended Complaint fails to state an Eighth Amendment cruel and unusual punishment claim against Irwin and Woods?

L.    Whether the Amended Complaint fails to state an Eighth Amendment cruel and unusual punishment claim against Millender and Murphy based upon subjecting Whyte to a strip search?

M.    Whether the Amended Complaint fails to state an Eighth Amendment cruel and unusual punishment claim against Woods based upon unsafe conditions of confinement?

N.    Whether the Amended Complaint fails to state a Fourth Amendment unreasonable search claim against Millender and Murphy based upon subjecting Whyte to a strip search?

## III.    ARGUMENT

### STANDARD OF REVIEW

Rule 12(b) (6) provides for the dismissal of a claim that fails to assert a basis upon which relief may be granted.  In determining whether to grant a Motion to Dismiss the Court must determine whether the allegations set forth in the

Complaint constitute a cause of action as required by Fed.R.C.P. 8(a).  *Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F.Supp. 1981, 1986 (E.D. Pa. 1994).  Although a complaint need not contain detailed factual allegations in order to comply with the mandate of Fed.R.C.P. 8(a), it must contain "… more than labels and conclusions, and a formulaic recitation of the elements of a cause of action …" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

In making the determination the Court may consider not only the allegations set forth in the complaint but also exhibits attached to the complaint, matters of public record and undisputedly authentic documents a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) and *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F.Supp.2d 753 (E.D.Pa.,2012).  However, it is clear that the Court need not accept as true allegations of law, unsupported conclusions, and unwanted inferences.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3rd Cir. 1993) and *Violanti v. Emery Worldwide A-CF Corp.,* 847 F.Supp. 1251, 1255 (M.D. Pa. 1994).

**DISCUSSION**

Whyte asserts thirteen claims against seven Defendants under Section 1983 of the Civil Rights Act (42 U.S.C.A. §1983) (§1983) based upon violations of rights guaranteed her under the First (Free Speech – Denial of Mail; Access to

8

Courts – Retaliation; Invasion of Privacy – Unclothed Search), Fourth (Unreasonable Search and Seizure), Fifth (Due Process – Denial of Adequate Grievance Procedure), Eighth (Cruel & Unusual Punishment – Sexual Harassment – Denial of Prescribed Diet – Failure to Protect) and Fourteenth (Equal Protection – Discrimination in Housing – Failure to Protect) Amendments to the United States Constitution and upon violations of the Prison Rape Elimination Act (34 U.S.C.A. §30301 et seq.) (PREA) and the CCCF's policies and procedures.  Whyte seeks punitive damages and injunctive relief.

## CLAIMS FOR INJUNCTIVE RELIEF

## WHYTE'S CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT

Whyte seeks injunctive relief requiring (1) the CCCF to retrain its administration and staff on issues involving housing and treatment of transgender inmates and PREA procedures and (2) the CCCF to terminate Rockey and Folk. After filing her Amended Complaint, Whyte was transferred from the CCCF to the Columbia County Jail.  "It is well recognized that the adjudicatory power of a federal court depends upon 'the continuing existence of a live and acute controversy.' " <u>Steffel v. Thompson</u>, 415 U.S. 452, 454, 94 S. Ct. 1209, 1213, 39 L. Ed. 2d 505 (1974) "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief, if unaccompanied by continuing, present adverse effects." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct.

1827, 36 L.Ed.2d 439 (1973).  A prisoner's transfer or release from

prison moots his claims for injunctive relief since he is no longer subject to the

conditions he alleges were unconstitutional. *Abdul-Akbar v. Watson,* 4 F.3d 195,

206-207 (3d Cir.1993); *see also Weaver v. Wilcox,* 650 F.2d 22, 27 (3d Cir.1981)

Since Whyte is no longer subject to the policies and procedures of the CCCF

or the conduct of Rockey and Folk, his claims for injunctive relief are moot and

should be dismissed.

## CLAIMS FOR CONSTITUTIONAL / FEDERAL STATUTORY VIOLATIONS

## COUNT 1

**THE AMENDED COMPLAINT FAILS TO STATE A FOUR-TEENTH AMENDMENT EQUAL PROTECTION CLAIM AGAINST IRWIN, HITE AND WOODS BASED UPON WHYTE'S ASSIGNMENT TO AN ALTERNATIVE HOUSING UNIT**

Upon arrival at the CCCF Whyte completed a classification questionnaire in

which she indicated she was a transgender female and identified as such. Whyte

was then assigned to an alternative housing unit and placed on "cell alone" status.

Placement in the alternative housing unit restricted Whyte to her cell at times and

restricted her ability to participate in inmate work assignments or other programs

available to inmates housed in general population.  Whyte contends the sole reason

she was assigned to this unit was the fact that she is a transgender female and

identifies as such.

Whyte contends that Irwin, Hite and Woods, persons acting in supervisory capacities at the CCCF, violated her Fourteenth Amendment guarantee of equal protection by housing her in an alternative housing unit rather than in general population, based solely on her identity as a transgender female.  Irwin, Hite and Woods submit that the Amended Complaint fails to state such a claim against them upon which relief may be granted for several reasons.  First, the Amended Complaint appears to base this claim solely on Irwin, Hite and Woods' supervisory capacities at the CCCF and the imposition of liability on them by the doctrine of *respondeat superior*.  However, our courts have held that a defendant in a civil rights action must have personal involvement in the alleged wrongs, which must be shown through allegations of personal direction or of actual knowledge and acquiescence; liability cannot be imposed on him or her based upon the doctrine of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988); *Parratt v. Taylor,* 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913 n. 3, 68 L.Ed.2d 420 (1981); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976).  As the Amended Complaint fails to plead any facts showing that Irwin, Hite and Woods personally directed or had any actual knowledge of and acquiesced in the conduct forming the basis for this claim, it fails to show their personal involvement and, thus, their liability on this claim.

Second, the Amended Complaint does not plead all essential elements of a

Fourteenth Amendment equal protection claim.

> "The Equal Protection clause is a "direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). An equal protection analysis is called for, however, only if the challenged government action classifies or distinguishes between two or more distinct groups. In other words, equal protection only affords an individual protection against intentional discrimination that is based upon class membership. A person who brings an action under the Equal Protection clause "must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Department of Health & Social Serv.,* 716 F.2d 1167, 1171 (7th Cir.1983); *Handley v. Phillips,* 715 F.Supp. 657, 673 (M.D.Pa.1989); *ARA Services, Inc. v. School Dist. of Philadelphia,* 590 F.Supp. 622, 629 (E.D.Pa.1984).

> *Murray v. Pittsburgh Bd. of Pub. Educ.,* 919 F. Supp. 838, 847 (W.D. Pa.1996)

The Amended Complaint does not plead any facts to show that Whyte's cell

assignment was based upon intentional discrimination against her because of her

membership in a particular class, i.e. transgender females.  Although the Amended

Complaint alleges such discrimination, it pleads no facts to support it. "Although a

complaint need not contain detailed factual allegations in order to comply with the

mandate of Fed.R.C.P. 8(a), it must contain "… more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action …" *Bell Atlantic*

*Corporation v. Twombly*  In the present case, the Amended Complaint's

unsupported conclusion and unwarranted inference that such discrimination was

the reason for Whyte's cell assignment are insufficient to satisfy this requirement. *Kost v. Kozakiewicz*; *Violanti v. Emery Worldwide A-CF Corp.*

And, third, the Amended Complaint appears to base this claim, in part, on Irwin, Hite and Woods' violations of sections of PREA or sections of the CCCF's policies and procedures based upon sections of PREA pertaining to initial screenings of inmates and use of the information obtained.[3]  However, our courts have held that since PREA does not provide a private right of action, a plaintiff cannot bring an action to enforce obligations set forth in it, whether through the statute itself or through an attempt to enforce a correctional facility's PREA policies via §1983. *Landau v. Lamas*, No. 3:15-CV-1327, 2019 WL 3521421, at *11 (M.D. Pa. Aug. 1, 2019); *Davis v. Romig,* No. 16-cv-184, 2017 U.S. Dist. LEXIS 57710, at *2-3 & n.2 (M.D. Pa. Apr. 13, 2017).

For the foregoing reasons, Whyte's Fourteenth Amendment equal protection claims against Irwin, Hite and Woods should be dismissed.

---

[3] 28 Federal Code §115.4(g). "… an agency shall not place lesbian, gay, bisexual, transgender or intersex in dedicated facilities units or wings solely on the basis of such identification or status."

## COUNT 2 [4]

**THE AMENDED COMPLAINT FAILS TO STATE A
FOURTEENTH AMENDMENT EQUAL PROTECTION
CLAIM AGAINST ROCKEY BASED UPON HIS FAILURE
TO INTERVENE TO PROTECT WHYTE FROM ASSAULT
BY ANOTHER INMATE**

Rockey was part of the security staff assigned to Whyte's housing unit.

During lunch, a dispute arose between Whyte and another inmate, which resulted

in the other inmate throwing his food tray at Whyte several times, missing him

each time. As this was happening, Rockey did not intervene to separate them or to

otherwise protect Whyte. However, when Whyte exercised her right of self-

defense by attempting to strike the other inmate, Rockey intervened to separate

them and to escort the other inmate back to his cell.

Whyte asserts a Fourteenth Amendment equal protection claim against

Rockey on the basis that he failed to intervene in the dispute to protect her when

she was assaulted but, subsequently intervened to protect the other inmate when

Whyte exercised her right of self-defense and attempted to strike him. Rockey

submits that the Amended Complaint fails to state such a claim against him upon

which relief may be granted for two reasons. First, the Amended Complaint does

---

[4] Whyte presents this count as both an Eighth Amendment cruel and unusual
punishment claim and a Fourteenth Amendment equal protection claim. As Whyte
also presents an Eighth Amendment cruel and unusual punishment claim against
Rockey based upon these same facts in Count 10, only the Fourteenth Amendment
equal protection claim is discussed here.

not plead any facts to establish an essential element of an equal protection claim i.e., that Rockey intentionally discriminated against him because of his membership in a particular class. While Whyte may believe that Rockey treated her differently by not intervening at the start of the dispute to protect her, she has pled no facts to show that this difference in treatment was because of her membership in a particular class. Although she may believe that she was treated unfairly as an individual, that is insufficient to establish an equal protection claim. And, second, to the extent this claim is based upon Rockey's failure to follow the CCCF's policies and procedures in responding to such an incident,[5] such failure does not establish a constitutional violation under § 1983." *Laufgas v. Speziale,* 2006 WL 2528009, at *9 (D.N.J. Aug.31, 2006). *See also Gates v. Holladay,* 2009 WL 1544376, at *4 (E.D.Ark. June 3, 2009)

For the foregoing reasons, Whyte's Fourteenth Amendment equal protection claim against Rockey should be dismissed.

---

[5] Calling a Code 1 and waiting for other corrections officers to arrive before intervening.

## COUNT 3

**THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST WOODS BASED UPON HIS FAILURE TO ASSURE THAT WHYTE RECEIVED HIS MEDICALLY PRESCRIBED DIET**

During her stay at the CCCF, Whyte was to receive a medically prescribed allergy diet. Throughout her stay, she received meals containing foreign objects or ingredients to which she is allergic. When she complained about the meals, she she was placed on a "finger food" diet. Whyte filed a grievance pertaining to his diet. In Woods' Initial Review Response (Exhibit N) he indicated the Food Service Department would continue to monitor his meals to ensure that all dietary restrictions and requirements were met and that placement on a "finger food" diet was a disciplinary sanction issued by the on-duty Shift Commander.

Whyte asserts an Eighth Amendment conditions of confinement claim against Woods but the basis for it is not clear. The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Imhoff v. Temas*, 67 F. Supp. 3d 700, 709 (W.D. Pa. 2014) A correctional facility's failure to provide an inmate with a medically prescribed diet may constitute a constitutional violation. Woods submits that the Amended Complaint fails to state such a claim against him upon which relief may be granted

since it fails to plead any facts to show that he had any personal involvement in denying such a diet to Whyte.  The only reference to Woods involvement in this matter is his Initial Review Response (Exhibit N) to Whyte's grievance, in which he indicated the Food Service Department would continue to monitor Whyte's meals to ensure that all dietary restrictions and requirements were met.  Woods' mere involvement in the post-incident grievance process does not provide a basis for § 1983 liability. *Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir. 2005); *Ballard v. Galle,* No. 4:CV-14-1015, 2015 WL 5029561, at *5 (M.D. Pa. Aug. 25, 2015)

For the foregoing reason, Whyte's Eighth Amendment conditions of confinement claim against Woods should be dismissed.[6]

---

[6] In paragraph 18 of the Amended Complaint, which Whyte incorporates by reference in this count, he complains that he was denied due process when he was placed on a "finger food" diet as a disciplinary sanction.  To the extent this count may be interpreted to also assert a Fifth or Fourteenth Amendment due process claim, it must fail for the same reason. The Amended Complaint fails to plead any facts to show that Woods had any personal involvement in imposing such a sanction or denying her due process. Furthermore, Woods' mere involvement in the post-incident grievance process does not provide a basis for § 1983 liability. *Alexander v. Gennarini* ; *Ballard v. Galle.*

## COUNT 4

**THE AMENDED COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST IRWIN, HITE AND WOODS BASED UPON WHYTE'S ASSIGNMENT TO AN ALTERNATIVE HOUSING UNIT**

Whyte contends that Irwin, Hite and Woods also violated her First Amendment guarantee of freedom from retaliation by housing her in an alternative housing unit rather than in general population (1) based upon her expression of her identity as a transgender female and (2) based upon Hite and Woods' failure to correct this situation pursuant to a grievance filed by her. The factual basis for this claim is the same as that set forth in the discussion of Count 1. Irwin, Hite and Woods submit that the Amended Complaint fails to state such a claim against them upon which relief may be granted for several reasons. First, the Amended Complaint appears to base this claim solely on Irwin, Hite and Woods' supervisory capacities at the CCCF and the imposition of liability on them by the doctrine of *respondeat superior*. However, as discussed with reference to Count 1 above, a defendant in a civil rights action must have personal involvement in the alleged wrongs. As the Amended Complaint fails to plead any facts showing that Irwin, Hite and Woods personally directed or had any actual knowledge of and acquiesced in the conduct forming the basis for this claim, it fails to show their personal involvement and, thus, their liability on this claim.

Second, the Amended Complaint does not plead all essential elements of a

First Amendment retaliation claim.

> To state a retaliation claim under the First Amendment, a plaintiff bears the
> burden of satisfying three (3) elements. First, a plaintiff must prove that he
> was engaged in a constitutionally protected activity. *See Rauser v. Horn*, 241
> F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he
> "suffered some 'adverse action' at the hands of prison
> officials." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir.
> 2000)). This requirement is satisfied by showing adverse action "sufficient
> 'to deter a person of ordinary firmness' from exercising his First
> Amendment rights." *Id.* (quoting *Suppon v. Dadonna*, 2013 F.3d 228, 235
> (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally
> protected conduct was 'a substantial or motivating factor' in the decision to
> discipline him." *Rauser*, 241 F.3d at 333-34 (quoting *Mount Healthy City
> Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The Amended Complaint does not plead any facts to show the third element

of such a claim i.e., that Whyte's cell assignment was based upon retaliation

against her because of her expression of her sexual orientation and gender.

Although the Amended Complaint alleges such causation, it pleads no facts to

support it. The Amended Complaint's unsupported conclusion and unwarranted

inference that Whyte's expression of her sexual orientation and gender was the

reason for her cell assignment are insufficient to satisfy this requirement. *Kost v.

Kozakiewicz*; *Violanti v. Emery Worldwide A-CF Corp.*

Furthermore, to the extent Whyte contends that this element is satisfied by

Hite and Woods' failure to change her housing assignment in response to

grievances filed by her, such an argument is unavailing. Our courts have held that

the denial of grievances is not an "adverse action" for retaliation purposes.

See *Burgos v. Canino,* 641 F.Supp.2d 443, 455 (E.D.Pa.2009) ("The mere denial

of grievances does not rise to the level of adverse action sufficient to deter a person

of ordinary firmness from exercising his constitutional rights"); *Alexander v.*

*Forr,* 2006 WL 2796412, at * 9 (M.D.Pa. Sept.27, 2006)

   And, third, the Amended Complaint appears to base this claim, in part, on

Irwin, Hite and Woods' violations of sections of PREA or sections of the CCCF's

policies and procedures based upon sections of PREA pertaining to initial

screenings of inmates and use of the information obtained.[7]  However, as set forth

in the discussion of Count 1, a plaintiff cannot bring an action to enforce

obligations set forth in PREA, whether through the statute itself or through an

attempt to enforce a correctional facility's PREA policies via §1983. *Landau v.*

*Lamas*; *Davis v. Romig*.

   For the foregoing reasons, Whyte's First Amendment retaliation claims

against Irwin, Hite and Woods should be dismissed.

---

[7] 28 Federal Code §115.4(g). "… an agency shall not place lesbian, gay, bisexual, transgender or intersex in dedicated facilities units or wings solely on the basis of such identification or status."

## COUNT 5

## THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST ROCKEY BASED UPON A SINGLE CELL SEARCH AND CONFISCATION OF A SINGLE LIST OF READING MATERIAL

Whyte asserts a First Amendment retaliation claim against Rockey based upon his search of her cell and confiscation of a single list of reading material following her statement that she was going to report him for sexual harassment. Rockey submits that this is insufficient to establish a First Amendment retaliation claim. In the prison context, the elements of a First Amendment retaliation claim are that: (1) the prisoner engaged in constitutionally protected conduct, (2) prison officials took an adverse action against the prisoner that is sufficient to deter a person of ordinary firmness from exercising her constitutional rights, and (3) there is a causal link between the exercise of the prisoner's constitutional rights and adverse action taken against him. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) Even assuming the Complaint pleads facts sufficient to establish the first element, it fails to plead facts sufficient to establish the second element, i.e. an adverse action was taken against her sufficient which would deter a person of ordinary firmness from exercising her constitutional rights.

An adverse action need not be great in order to satisfy this element, but it must be more than *de minimus*. *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)

21

"In general, 'courts have consistently held that a cell search is not an 'adverse action' for retaliation purposes.' " *Curtician v. Kessler*, 2010 WL 6557099, *7 (W.D. Pa. 2010) (collecting cases); *see also Banks v. Rozum*, 2015 WL 1186224, *7 (M.D. Pa. 2015); *Dickerson v. Gordon*, 2015 WL 5785575, *6 (M.D. Pa. 2015).[8]  Rockey submits that a single cell search and confiscation of a list of reading materials was "*de minimus*" and does not constitute an adverse action "sufficient to deter a person of ordinary firmness from exercising her constitutional rights."  Admittedly, this is an objective rather than a subjective test, however, it was not sufficient to deter Whyte from filing a complaint of sexual harassment against Rockey that same day.  (Document 1, Complaint, Page 3, ¶ 3.)

As the Complaint fails to plead facts sufficient to establish a First Amendment retaliation claim against Rockey upon which relief may be granted, this claim should be dismissed.

---

[8] There is disagreement on this principle among our courts.  See, e.g. *Stafford v. Wetzel*, No. 4:CV-13-2026, 2015 WL 474273, at *6 (M.D. Pa. Feb. 5, 2015)

## COUNT 6

**THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST IRWIN, HITE AND WOODS BASED UPON WHYTE'S ASSIGNMENT TO AN ALTERNATIVE HOUSING UNIT**

Whyte contends that Irwin, Hite and Woods violated his Eighth Amendment guarantee of freedom from cruel and unusual punishment by housing him in an alternative housing unit in which inmates charged with or convicted of crimes of a sexual nature and inmates with mental disorders were also housed. Whyte contends that by doing so, Irwin, Hite and Woods were deliberately indifferent to a substantial risk of serious harm to her posed by such other inmates. Irwin, Hite and Woods submit that the Amended Complaint fails to state such a claim against them upon which relief may be granted for several reasons. First, the Amended Complaint appears to base this claim solely on Irwin, Hite and Woods' supervisory capacities at the CCCF and the imposition of liability on them by the doctrine of *respondeat superior*. However, as discussed in preceding sections, a defendant in a civil rights action must have personal involvement in the alleged wrongs. As the Amended Complaint fails to plead any facts showing that Irwin, Hite and Woods personally directed or had any actual knowledge of and acquiesced in the conduct forming the basis for this claim, it fails to show their personal involvement and, thus, their liability on this claim.

Second, the Amended Complaint does not plead all essential elements of an

Eighth Amendment failure to protect claim.

> To establish a failure to protect claim, an inmate must demonstrate that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

The Amended Complaint fails to plead facts sufficient to establish two

essential elements of this claim. One, it cannot be said that Whyte was exposed to a

"substantial risk of serious harm".   Although it states that in accord with the

CCCF's policies and procedures, inmates charged with or convicted of crimes of a

sexual nature and inmates with mental disorders were also housed in the same unit,

it does not state that any such inmates were actually housed in the unit while

Whyte was there or, if they were, they posed any actual risk of harm to her.  Two,

it does not state that Whyte suffered any actual harm.

And, third, the Amended Complaint appears to base this claim, in part, on

Irwin, Hite and Woods' violations of sections of PREA or sections of the CCCF's

policies and procedures based upon sections of PREA pertaining to initial

screenings of inmates and use of the information obtained.[9]  However, as discussed

---

[9] 28 Federal Code §115.4(g). "… an agency shall not place lesbian, gay, bisexual, transgender or intersex in dedicated facilities units or wings solely on the basis of such identification or status."

in preceding sections, a plaintiff cannot bring an action to enforce obligations set forth in PREA, whether through the statute itself or through an attempt to enforce a correctional facility's PREA policies via §1983. *Landau v. Lamas*; *Davis v. Romig*.

For the foregoing reasons, Whyte's Eighth Amendment failure to protect claims against Irwin, Hite and Woods should be dismissed.

## COUNT 7

### THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST FOLK BASED UPON VERBAL STATEMENTS, WHICH WHYTE CONSIDERED TO BE HARASSING OR ABUSIVE

Whyte asserts an Eighth Amendment cruel and unusual punishment claim against Folk based upon verbal statements made by him, which she considered sexually harassing or abusive (Count 7).[10] However, our courts have held that mere oral statements, even statements involving sexual harassment or abuse are insufficient to establish an Eighth Amendment claim. *Dunbar v. Barone*, 487 Fed.Appx. 721 (3d Cir. 2012) (nonprecedential); *Robinson v. Taylor*, 204 Fed.Appx. 155, 156 (3d Cir. 2006)(nonprecedential); *Hernandez-Tirado v. Lowe*, No. 3:CV-14-1897, 2017 WL 3433690, at *11 (M.D. Pa. Aug. 10, 2017)

---

[10]     On November 24, 2020 Folk referred to Whyte as a "he-she" while negatively conversing about her with another inmate. (Document 1, Amended Complaint, Page 5, ¶ 14).

As the Complaint fails to plead facts sufficient to establish an Eighth Amendment cruel and unusual punishment claim against Folk upon which relief may be granted, this claim should be dismissed.

## COUNT 8

### THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST ROCKEY BASED UPON VERBAL STATEMENTS, WHICH WHYTE CONSIDERED TO BE HARASSING OR ABUSIVE

Whyte asserts an Eighth Amendment cruel and unusual punishment claim against Rockey based upon verbal statements made by him, which she considered sexually harassing or abusive.[11] However, as discussed in the preceding section, our courts have held that mere oral statements, even statements involving sexual harassment or abuse are insufficient to establish an Eighth Amendment claim.

As the Complaint fails to plead facts sufficient to establish an Eighth Amendment cruel and unusual punishment claim against Rockey upon which relief may be granted, this claim should be dismissed as to him.

---

[11]    On December 25, 2020 Rockey, in the presence of other inmates, made inappropriate remarks about Whyte's stature and augmented breasts i.e., "[w]hat the f*** are you laughing at?  Your body isn't even real. Aren't your boobs fake?" (Document 1, Complaint, Page 3, ¶ 3).

**COUNT 10[12]**

**THE COMPLAINT FAILS TO STATE AN EIGHTH
AMENDMENT CLAIM AGAINST ROCKEY
BASED UPON A FAILURE TO PROTECT WHYTE
FROM AN ASSAULT BY ANOTHER INMATE**

Whyte asserts an Eighth Amendment failure to protect claim against Rockey on the basis that he failed to act soon enough to intervene in a dispute between her and another inmate in which the other inmate threw his lunch tray at her several times but missed. As discussed in preceding sections, to establish a failure to protect claim, an inmate must demonstrate that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

Rockey submits that the Amended Complaint does not plead facts to establish all essential elements of such a claim. First, it cannot be said that Plaintiff was exposed to a "substantial risk of serious harm". A thrown lunch tray, which missed Plaintiff on every occasion, does not pose such a risk. Second, Rockey was not deliberately indifferent to any harm posed to Whyte but acted reasonably by diffusing the situation and escorting the other inmate back to his cell. Prison officials who act reasonably cannot be found liable

---

[12]    The Amended Complaint did not contain a Count 9.

for failure to protect. *Farmer v. Brennan*  And, third, Whyte received no injury as a result of the dispute.

As the Amended Complaint fails to plead the essential elements of an Eighth Amendment failure to protect claim, it fails to state a claim against Rockey upon which relief may be granted and this claim should be dismissed.

## COUNT 11

### THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST IRWIN AND WOODS BASED UPON UNSAFE CONDITIONS OF CONFINEMENT

Whyte asserts an Eighth Amendment unsafe conditions of confinement claim against Irwin and Woods, however, she fails to state or incorporate by reference the factual basis for those claims.  These claims appear to be the same as those asserted against Irwin, Hite and Woods in Count 6.  Irwin and Woods submit that for the same reasons discussed in response to Count 6, the Amended Complaint fails to plead the essential elements of Eighth Amendment unsafe conditions of confinement claims against them upon which relief may be granted and these claims should be dismissed.

## COUNT 12

## THE AMENDED COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST MILLENDER AND MURPHY BASED UPON UNSAFE CONDITIONS OF CONFINEMENT

Whyte asserts an Eighth Amendment unsafe conditions of confinement claims against Millender and Murphy on the basis that they subjected her, a transgender person who identifies as female, to a strip search following the above described dispute with another inmate.  Whyte contends that she should have been permitted to choose the gender of the corrections officers who subjected her to a strip search. Millender and Murphy submit that the Amended Complaint fails to state such a claim against them upon which relief may be granted for two reasons. First, our courts have not clearly established that a transgender inmate has a constitutional right to have a strip search performed by an officer of the gender with which the inmate identifies. *Naisha v. Metzger*, 490 F. Supp. 3d 796, 804–05 (D. Del. 2020), appeal filed October 9, 2020; *Carter-el v. Boyer*, No. 1:19CV243 (TSE/MSN), 2020 WL 939289, at *1 (E.D. Va. Feb. 25, 2020).  In the absence of such a constitutional right, there is no basis for a §1983 claim.  Second, Millinder and Murphy are entitled to qualified immunity on this claim as they did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Naisha v. Metzger*; *Carter-el v. Boyer*

Since the Amended Complaint fails to plead facts to show that Whyte had a constitutional right to be strip searched by a corrections officer of the same sex with which she identifies and that qualified immunity is inapplicable, it fails to state claims against Millender and Murphy upon which relief may be granted and should be dismissed.

**COUNT 13**

**THE AMENDED COMPLAINT FAILS TO STATE AN
EIGHTH AMENDMENT CLAIM AGAINST WOODS
BASED UPON UNSAFE CONDITIONS OF CONFINEMENT**

Whyte asserts an Eighth Amendment unsafe conditions of confinement claims against Woods, however, she fails to state or incorporate by reference the factual basis for those claims.  These claims appear to be the same as those asserted against Irwin, Hite and Woods in Count 6.  Irwin and Woods submit that for the same reasons discussed in response to Count 6, the Amended Complaint fails to plead the essential elements of Eighth Amendment unsafe conditions of confinement claims against him upon which relief may be granted and this claim should be dismissed.

## COUNT 14

## THE AMENDED COMPLAINT FAILS TO STATE FOURTH AMENDMENT UNREASONABLE SEARCH CLAIMS AGAINST MILLENDER, MURPHY AND ROCKEY

Whyte asserts Fourth Amendment unreasonable search claims against Millender, Murphy and Rockey on the basis that they subjected her, a transgender person who identifies as female, to a strip search following the above described dispute with another inmate.  Whyte contends that she should have been permitted to choose the gender of the corrections officers who subjected her to a strip search. Millender and Murphy submit that the Amended Complaint fails to state such a claim against them upon which relief may be granted for two reasons set forth in the discussion of Count 12.  First, our courts have not clearly established that a transgender inmate has a constitutional right to have a strip search performed by an officer of the gender with which the inmate identifies. *Naisha v. Metzger*; *Carter-el v. Boyer*.  In the absence of such a constitutional right, there is no basis for a §1983 claim.  Second, they are entitled to qualified immunity on this claim as they did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Naisha v. Metzger*; *Carter-el v. Boyer.*

Since the Amended Complaint fails to plead facts to show that Whyte had a constitutional right to be strip searched by a corrections officer of the same sex

with which she identifies and, that qualified immunity is inapplicable, it fails to state claims against Millender, Murphy and Rockey upon which relief may be granted and should be dismissed.

## IV.   CONCLUSION

WHEREFORE, Defendants respectfully request that Whyte's Amended Complaint be dismissed as to them.

LEE, GREEN & REITER, INC.

By: _____
Robert A. Mix, Esquire, PA I.D. 16164
Attorney for Defendants
115 East High Street
Bellefonte, PA  16823
Phone:  814-255-4769
Fax:  814-355-5024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants'

Brief in Support of Motion to Dismiss Amended Complaint was deposited in the

United States mail, postage prepaid, in Bellefonte, Pennsylvania, on the _____

day of May, 2021, addressed to the following:

Maurice Lavell Whyte
# 20-0508
Columbia County Prison
721 Iron Street
Bloomsburg, PA 17815

_____
Robert A. Mix, Esquire